UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT ORTIZ,

        Plaintiff,

  - against -

P.O. JAMES HASPER, Shield No. 23680
and THE CITY OF NEW YORK,

        Defendants.
------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, ROBERT ORTIZ, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, ROBERT ORTIZ, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. JAMES HASPER, Shield No. 23680 (hereinafter "HASPER") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. On or about August 19, 2014, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

11. More than thirty (30) days have elapsed since each of the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

12. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

13. The individual defendant is sued in his individual capacity.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANT
### (42 U.S.C. §1983)

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "13" hereinabove as if more fully set forth at length herein.

15.	On or about July 10, 2014, at approximately 7:30 P.M., plaintiff was operating a motor vehicle on Rockaway Parkway in the County of Kings, City and State of New York.

16.	Plaintiff was operating the aforementioned motor vehicle with the consent of its owner.

17.	At the aforementioned time, plaintiff was a parolee under the supervision of the New York State Department of Corrections and Community Supervision.

18.	At the aforementioned time, plaintiff was in violation of certain of the terms of his parole.

19.	At the aforementioned time and place, plaintiff was operating the aforementioned motor vehicle after having consumed alcohol and marijuana.

20.	As plaintiff approached the intersection of Rockaway Parkway and Glenwood Road, he observed, in his vehicle's rearview mirror, a New York City Police Department motor vehicle approaching with its lights and sirens on.

21.	Plaintiff drove the vehicle he was operating into a lane of Rockaway Parkway that was marked for vehicles making left turns only.

22.	Rather than make a left turn, plaintiff crossed the aforementioned intersection and continued driving.

23.	Plaintiff attempted to evade the aforementioned Police Department motor vehicle by making a right turn and driving into a cross street.

24.	However, once plaintiff observed that the cross street led to a dead end, he made a u-turn and returned to Rockaway Parkway, striking a fire hydrant along the way.

25. When plaintiff's vehicle reached Rockaway Parkway, plaintiff made a right turn.

26. Plaintiff now became stuck in traffic with vehicles both in front of him and behind him.

27. Plaintiff put his vehicle into reverse and began backing up.

28. In the process of backing up, plaintiff backed his vehicle into an unmarked New York City Police Department motor vehicle.

29. Several police officers ran on foot to the vehicle plaintiff was driving and, standing on both sides of his vehicle, ordered him to get out.

30. Defendant HASPER, who was ordinarily assigned to a unit of the Police Department responsible for erecting and dismantling barricades at special events such as parades, had been reassigned to patrol.

31. At the aforementioned time and place, defendant HASPER was on his way to his first day at his new assignment.

32. At the aforementioned time and place, defendant HASPER approached plaintiff's vehicle while the aforementioned officers were ordering plaintiff to exit, pulled our his service weapon and fired a shot aimed at plaintiff, which struck and severely injured plaintiff.

33. Once he had been shot, plaintiff was removed from his motor vehicle by police officers.

34. Plaintiff was unarmed.

35. Defendant HASPER violated plaintiff's rights, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, used

unreasonable and excessive force on him, in that he used his service weapon to fire a shot at plaintiff while he was unarmed and unable to move his motor vehicle.

36. Because of the aforementioned acts committed against him by defendant HASPER, plaintiff suffered a deprivation of his right not to be subjected to excessive and unnecessary force, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, was rendered sick, sore, lame and disabled; was severely and permanently injured; required surgery; required and will continue to require medical treatment; and incurred, and will continue to incur, expenses for medical treatment.

37. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant HASPER, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HASPER.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HASPER and THE CITY OF NEW YORK (Battery)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" hereinabove as if more fully set forth at length herein.

39. On or about July 10, 2014, at approximately 7:30 P.M., at nor near the intersection of Rockaway Parkway and Glenwood Road, in the County of Kings, City and State of New York, defendant HASPER offensively touched plaintiff by shooting and seriously wounding him.

40. The aforesaid physical contact made by defendant HASPER was not reasonable under the circumstances.

41. At the aforementioned time and place, defendant HASPER was acting within the scope of his employment by defendant CITY OF NEW YORK.

42. By reason of the aforementioned act of battery committed against plaintiff by defendant HASPER, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was rendered sick, sore, lame and disabled; was severely and permanently injured; required surgery; required and will continue to require medical treatment; and incurred, and will continue to incur, expenses for medical treatmen.

43. By reason of the aforementioned battery committed against him by defendant HASPER, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HASPER.

WHEREFORE, plaintiff, ROBERT ORTIZ, demands judgment against defendants, P.O. JAMES HASPER, Shield No. 23680 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HASPER; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant HASPER.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      October 2, 2015

*/s/ Alan D. L.*
_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2309