UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ROBERT ORTIZ,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. JAMES HASPER, Shield No. 23680, Individually and in His Official Capacity, DETECTIVE JASON FILORAMO, Shield No. 3785, Individually and in His Official Capacity, DETECTIVE MICHAEL ESPINOSA, Shield No. 5454, Individually and in His Official Capacity, P.O DAVID RAMOS, Shield No. 12596, Individually and in His Official Capacity, P.O. JOHN GERGIS, Shield No. 4088, Individually and in His Official Capacity,

                Defendants.

-------------------------------------------------------------------------X

**15 Civ. 5724 (AMD)(SMG)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, ROBERT ORTIZ, by his attorney, JON L. NORINSBERG, complaining of the defendants herein, respectfully alleges as follows:

## **JURISDICTION**

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, ROBERT ORTIZ, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendants P.O. JAMES HASPER, DETECTIVE JASON FILORAMO, DETECTIVE MICHAEL ESPINOSA, P.O. DAVID RAMOS and P.O. JOHN GERGIS were and are natural persons, employed as police officers by defendant CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, P.O. JAMES HASPER, DETECTIVE JASON FILORAMO, DETECTIVE MICHAEL ESPINOSA, P.O. DAVID RAMOS and P.O. JOHN GERGIS, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. On or about August 19, 2014, this date being within ninety (90) days after the claim herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

12. More than thirty (30) days have elapsed since each of the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

13. This action was commenced within one year and ninety days from the date the pendent claim herein accrued.

14. The individual defendants are sued in their individual capacity.

**AS AND FOR A FIRST CAUSE OF ACTION
<u>AGAINST DEFENDANT HASPER</u>
(Deprivation Of Constitutional Rights Under 42 U.S.C. §1983)**

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about July 10, 2014, at approximately 7:30 P.M., plaintiff was operating a motor vehicle on Rockaway Parkway in the County of Kings, City and State of New York.

17. Plaintiff was operating the aforementioned motor vehicle with the consent of its owner.

18. At the aforementioned time, plaintiff was a parolee under the supervision of the New York State Department of Corrections and Community Supervision.

19. At the aforementioned time, plaintiff was in violation of certain of the terms of his parole.

20. At the aforementioned time and place, plaintiff was operating the aforementioned motor vehicle after having consumed alcohol and marijuana.

21. As plaintiff approached the intersection of Rockaway Parkway and Glenwood Road, he observed, in his vehicle's rearview mirror, a New York City Police Department motor vehicle approaching with its lights and sirens on.

22. Plaintiff drove the vehicle he was operating into a lane of Rockaway Parkway that was marked for vehicles making left turns only.

23. Rather than make a left turn, plaintiff crossed the aforementioned intersection and continued driving.

24. Plaintiff attempted to evade the aforementioned Police Department motor vehicle by making a right turn and driving into a cross street.

25. However, once plaintiff observed that the cross street led to a dead end, he made a u-turn and returned to Rockaway Parkway, striking a fire hydrant along the way.

26. When plaintiff's vehicle reached Rockaway Parkway, plaintiff made a right turn.

27. Plaintiff now became stuck in traffic with vehicles both in front of him and behind him.

28. Plaintiff put his vehicle into reverse and began backing up.

29. In the process of backing up, plaintiff backed his vehicle into a New York City Police Department motor vehicle operated by defendants P.O. RAMOS and P.O. GERGIS.

30. Defendants Det. FILORAMO and Det. ESPINOSA ran on foot to the vehicle plaintiff was driving and, standing on both sides of his vehicle, ordered him to get out.

31. Defendant HASPER, who was ordinarily assigned to a unit of the Police Department responsible for erecting and dismantling barricades at special events such as parades, had been reassigned to patrol.

32. At the aforementioned time and place, defendant HASPER was on his way to his first day at his new assignment.

33. At the aforementioned time and place, defendant HASPER approached plaintiff's vehicle while the aforementioned officers were ordering plaintiff to exit, pulled out his service weapon and fired a shot at plaintiff, which struck and severely injured plaintiff.

34. Once he had been shot, plaintiff was removed from his motor vehicle by police officers.

35. Plaintiff was unarmed at the time of the shooting.

36. Defendant HASPER violated plaintiff's rights, guaranteed to him by the Fourth and Fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, he, without any cause or provocation whatsoever, used unreasonable and excessive force on him, in that he used his service weapon to fire a shot at plaintiff while he was unarmed and unable to move his motor vehicle.

37. Because of the aforementioned acts committed against him by defendant, plaintiff suffered a deprivation of his right not to be subjected to excessive and unnecessary force, guaranteed to him by the Fourth and Fourteenth Amendments to the Constitution of the United States, and, as a result, was rendered sick, sore, lame and disabled; was severely and permanently injured; required surgery; required and will continue to require medical treatment; and incurred, and will continue to incur, expenses for medical treatment.

38. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant HASPER, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against all individual named defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(Malicious Prosecution Under 42 U.S.C. § 1983)**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length herein.

40. Defendants misrepresented and falsified evidence before the District Attorney.

41. Specifically, defendants FILORAMO, ESPINOSA, RAMOS and GERGIS misrepresented and falsified evidence about sustaining serious injuries as a result of the incident with plaintiff.

42. Defendants FILORAMO, ESPINOSA, RAMOS and GERGIS likewise misrepresented and falsified evidence regarding how they sustained their alleged injuries.

43. This falsified evidence about injuries resulted in numerous Felony Assault in the Second Degree charges, charges that would have never been filed without this fabricated evidence.

44. Defendant HASPER misrepresented and falsified his account of the incident with plaintiff, falsely claiming that he fired his weapon to prevent plaintiff from running over police officers, when in fact, plaintiff's vehicle was at a complete stop at the time HASPER discharged his weapon.

45. This falsified evidence resulted in numerous Felony Assault in the Second Degree charges, charges that would have never been filed without this fabricated evidence.

46. Defendants did not make a complete and full statement of facts to the District Attorney.

47. Defendants withheld exculpatory evidence from the District Attorney.

48. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff ROBERT ORTIZ.

49. Defendants lacked probable cause to initiate criminal proceedings against plaintiff ROBERT ORTIZ.

50. Defendants acted with malice in initiating criminal proceedings against plaintiff ROBERT ORTIZ.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ROBERT ORTIZ.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiff ROBERT ORTIZ.

53. Defendants acted with malice in continuing criminal proceedings against plaintiff ROBERT ORTIZ.

54. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

55. Notwithstanding the prejudice and fraudulent conduct of defendants, the criminal proceedings relating to plaintiff's alleged assault on police officers were terminated in plaintiff's favor when all plaintiff ROBERT ORTIZ was found not guilty of all charges relating to assault on police officers on November 15, 2017.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF AS AGAINST ALL INDIVIDUAL DEFENDANTS**
**(Denial of Constitutional Right To Fair Trial**
**Under 42 U.S.C. § 1983)**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" as if the same were more fully set forth at length herein.

58.  Defendants created false evidence against plaintiff ROBERT ORTIZ.

59.  Specifically, defendants FILORAMO, ESPINOSA, RAMOS and GERGIS misrepresented and falsified evidence about sustaining injuries as a result of the incident with plaintiff.

60.  Defendants FILORAMO, ESPINOSA, RAMOS and GERGIS likewise misrepresented and falsified evidence regarding how they sustained their alleged injuries.

61.  This falsified evidence about injuries resulted in numerous Felony Assault in the Second Degree charges, charges that would have never been filed without this fabricated evidence.

62.  Defendant HASPER misrepresented and falsified his account of the incident with plaintiff, falsely claiming that he fired his weapon to prevent plaintiff from running over police officers, when in fact, plaintiff's vehicle was at a complete stop at the time HASPER discharged his weapon.

63.  This falsified evidence resulted in numerous Felony Assault in the Second Degree charges, charges that would have never been filed without this fabricated evidence.

64.  Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

65.  Specifically, defendants DETECTIVE JASON FILORAMO, DETECTIVE MICHAEL ESPINOSA, P.O. DAVID RAMOS, and P.O. JOHN GERGIS lied about receiving injuries as a result of their encounter with plaintiff ROBERT ORTIZ, which resulted in multiple additional felony charges being filed against plaintiff.

66.  In fact, none of these officers received any injuries during this incident.

67.  Defendants also lied about the facts and circumstances leading up to the arrest, and about plaintiff's actions prior to the shooting.

68. As a result of defendant's fabrications, plaintiff spent three (3) years in jail waiting to defend himself against these baseless charges.

69. Plaintiff ROBERT ORTIZ would not have suffered this deprivation of liberty without defendants' fabrications and false charges.

70. In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

71. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for their safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FOURTH CLAIM FOR RELIEF AS TO ALL INDIVIDUAL DEFENDANTS:**
**(Malicious Abuse Of Process Under 42 U.S.C. § 1983)**

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The aforementioned individual defendants issued legal process to place plaintiff under arrest.

74. The aforementioned individual defendants charged plaintiff with assaulting police officers in order to obtain a collateral objective outside the legitimate ends of the legal process.

75. The aforementioned individual defendants acted with intent to do harm to plaintiff, without excuse or justification.

76. As a result of the foregoing, plaintiff sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT HASPER
### (Battery Under New York State Law)

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" hereinabove as if more fully set forth at length herein.

78. On or about July 10, 2014, at approximately 7:30 P.M., at or near the intersection of Rockaway Parkway and Glenwood Road, in the County of Kings, City and State of New York, defendant HASPER offensively touched plaintiff by shooting and seriously wounding him.

79. The aforesaid physical contact made by defendant HASPER was not reasonable under the circumstances, and was not otherwise privileged.

80. At the aforementioned time and place, defendant HASPER was acting within the scope of his employment by defendant CITY OF NEW YORK.

81. By reason of the aforementioned act of battery committed against plaintiff by defendant HASPER, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was rendered sick, sore, lame and disabled; was severely and permanently injured; required surgery; required and will continue to require medical treatment; and incurred, and will continue to incur, expenses for medical treatment.

82. By reason of the aforementioned battery committed against him by defendant HASPER, while he was acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants.

**WHEREFORE**, plaintiff ROBERT ORTIZ demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages, five million dollars ($5,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated:  New York, New York
      June 5, 2015

                                            Yours, etc.

                                            _____
                                            JON L. NORINSBERG, ESQ.
                                            *Attorney for Plaintiff*
                                            225 Broadway, Suite 2700
                                            New York, New York 10007
                                            (212) 791-5396