```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

RAYMOND MARTINEZ, as Administrator of
the Estate of Robert Ortiz,

                Plaintiff,                      MEMORANDUM & ORDER
                                                15-CV-5724 (EK)(LB)

         -against-

POLICE OFFICER JAMES HASPER,
Individually and in his Official
Capacity, and the CITY OF NEW YORK,

                Defendants.
---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        In an order dated November 17, 2021, familiarity with which is assumed here, this Court entered summary judgment on behalf of defendant Officer James Hasper and directed that the case be dismissed. Plaintiff-Administrator Raymond Martinez now moves to amend the judgment pursuant to Fed R. Civ. P. 59(e) or, in the alternative, for relief from a final order under Rule 60(b). *See* Pl.'s Motion to Amend Order, ECF No. 130. The amendment that Martinez seeks would address what he describes as his *respondeat superior* claim against the City of New York in the fifth cause of action of the operative complaint.

        For the reasons stated below, I conclude that I have jurisdiction to consider the motion, despite Martinez's having

1

filed a notice of appeal. In addition, despite the fact that the fifth cause of action does not explicitly name the City as a defendant, I grant the motion, construe the complaint as alleging a *respondeat superior* claim against the City, and amend the order to dismiss that claim as well.

## I.  Jurisdiction

I must first decide whether I have jurisdiction to decide Plaintiff's motion, given that he filed it after his notice of appeal. *See* ECF No. 129 (Notice of Appeal filed on December 2, 2021); ECF No. 130 (Rule 59(e) and 60(b) motion filed on December 12). Following those filings, the Second Circuit stayed the appeal pending resolution of the motion. *See* Initial Notice of Stay of Appeal, Second Circuit, No. 21-CV-2975, ECF No. 16.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "However, if a party files a timely motion to alter or amend the judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered, *see* Fed.

2

R. App. P. 4(a)(4)(B)(i)." *Biehner v. City of New York*, No. 19-CV-9646, 2021 WL 5827536 (S.D.N.Y. December 8, 2021).

District courts in the Southern and Eastern Districts of New York have generally concluded that they have jurisdiction to resolve timely filed motions under Rule 59(e) and Rule 60(b) even where a notice of appeal is filed before one of those motions. *See e.g., Straw v. Dentons US LLP*, No. 20-CV-3312, 2020 WL 3962067, at *2 (S.D.N.Y. July 11, 2020); *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. March 23, 2015); *Smith v. City of New York*, No. 12-CV-8131, 2014 WL 2575778, at *1 n.1 (S.D.N.Y. June 9, 2014); *Goldstein v. Hulihan*, No. 09-CV-6824, 2012 WL 1438259, at *4-5 (S.D.N.Y. April 6, 2012), *report and recommendation adopted*, 2012 WL 1438251 (S.D.N.Y. April 25, 2012); *Guadagni v. New York City Transit Authority*, No. 08-CV-3163, 2009 WL 750224, at *2 n.3 (E.D.N.Y. March 19, 2009).

Second Circuit precedent supports this conclusion, too, despite the fact that the closest appellate cases do not involve this precise sequence. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 (2d Cir. 2001) (quoting Fed. R. App. P. 4(a)(4)(b)(i)) ("Where, as here, the notice of appeal is filed prior to the disposition of a postjudgment motion, the notice of appeal 'becomes effective' only upon the district court's disposition of all timely postjudgment motions."); *id.* at 157

3

n.4 ("We pause to remind the clerks of the district courts that the filing of a notice of appeal does not divest the district court of jurisdiction to decide any of the postjudgment motions listed in Fed. R. App. P. 4(a)(4)(A), if timely filed.  On the contrary, the notice of appeal must be held in abeyance by this Court until all such motions are disposed of, at which point the notice of appeal becomes effective."); *see also Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994) (a "notice of appeal [becomes] a nullity" upon the timely filing of a Rule 4(a)(4)(A) motion).

I agree with this conclusion because of the text of Fed. R. App. P. 4(a)(4).  It states, in relevant part, that "[i]f a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of any" Rule 59 or 60 motion, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4). The application of that rule to the sequence here dictates that I have the authority to resolve this motion on the merits.  *See also id.* R.4 cmt. (1993) (amended 2017) (indicating that a notice of appeal "filed before the filing of one of the specified motions [listed in Rule 4(a)(4)(A)] but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon the previously filed notice

4

effectively places jurisdiction in the court of appeals"). The Second Circuit implicitly acknowledged as much via its stay of Martinez's appeal.[1]

## II. Motion to Amend

I turn now to the substance of Plaintiff's motion. Martinez asks the court to amend its order and judgment to dispose of his *respondeat superior* claim against the City of New York for the alleged battery committed by Officer Hasper against Ortiz, or in the alternative, to allow the case to proceed to trial on that claim.

The basis for Martinez's motion is that Plaintiff believed (incorrectly) that the City of New York was named as a defendant in Plaintiff's fifth cause of action (for battery under New York state law) in the amended complaint. Plaintiff now acknowledges that he did not actually name the City in that claim. *See* Pl.'s Mem. Law in Support of R. 59/60 Motion at 3, ECF No. 130-11 (plaintiff intended "to seek recovery against the City on a respondeat superior theory . . . . However, the heading of the battery claim [in the amended complaint] mistakenly omitted the City as a defendant."). Indeed, the

---

[1] There is an alternative path forward as well. In *Darnell v. Piniero*, 849 F.3d 17, 28 n.7 (2d Cir. 2017), the Second Circuit suggested that a district court could avoid the issue altogether by issuing an "indicative ruling" under Fed. R. Civ P. 62.1(a)(2). Should the Court of Appeals decide that I lack jurisdiction to decide the motion, this order shall constitute an indicative ruling under Rule 62.1.

5

amended complaint made no mention of *respondeat superior* liability, at least by name. Am. Compl. at 10, ECF No. 58. Plaintiff says that the reference to Hasper "acting within the scope of his employment" at ¶ 80 should have been sufficient. Pl.'s Mem. Law in Support of R. 59/60 Motion at 5-6 (arguing that the amended complaint's reference to the scope of Hasper's employment "clearly indicated an intent to seek recovery against the city on a respondeat superior theory, since otherwise the allegation was pointless").

Despite the omission, Martinez correctly points out that the Court inquired into this issue at oral argument on July 21, 2021. *See* Transcript of Oral Argument held on July 21, 2021 at 2-6, ECF No. 121 (court asks how a finding of qualified immunity on Hasper's behalf would affect the City's liability); *see also* City's Letter dated September 2, 2021, ECF No. 122. Given the confusion, the most efficient course is for the Court to amend the order to address the City's potential liability for the battery claim.

In that vein, I note that settled case law guided my dismissal of the state law battery claim against Hasper in light of the finding that Hasper is protected by qualified immunity. And no further briefing opportunity was requested or required, following that dismissal, on the *respondeat superior* issue. As Plaintiff admits in his Rule 59 motion papers, both parties had

6

ample opportunity — and indeed availed themselves of that opportunity — to argue and brief the *respondeat superior* claim against the City at and after oral argument.[2] All relevant evidence is already in the summary judgment record and the question of whether the *respondeat superior* claim survives is a purely legal question. So I may grant summary judgment to the City even though the City did not expressly move for summary judgment. *See Celotex Corp.*, 477 U.S. at 326; *ING Bank N.V. v. M/V Temara, IMO No. 9333929*, 892 F.3d 511, 523-24 (2d Cir. 2018); Fed. R. Civ. P. 56(f).

Since the underlying claim of battery was dismissed, the corresponding *respondeat superior* claim must be dismissed as well. *See Kass v. City of New York*, 864 F.3d 200, 213-14 (2d Cir. 2017) (dismissing state law vicarious liability claim against the City after granting qualified immunity on federal false arrest claim and dismissing state law false arrest claim); *Demoret v. Zegarelli*, 451 F.3d 140, 153-54 (2d Cir. 2006) (observing that municipality was entitled to summary judgment on state law Title VII discrimination claim based solely on the acts of employees, after finding employees were entitled to

---

[2] *See* Transcript of Oral Argument held on July 21, 2021 at 2-6, ECF No. 121 (court asks how a finding of qualified immunity on Hasper's behalf would affect the City's liability); see also City's Letter dated September 2, 2021, ECF No. 122 (briefing the issue); Pl. Mem. In Support of Rule 59/60 Motion at 6, ECF No. 130-11 (citing Pl. Supplemental Briefing at 15-17, ECF No. 126); Pl. Reply in Support of Rule 59/60 Motion at 5, ECF No. 132 ("Plaintiff briefed this issue on summary judgment, and he rests on that briefing.").

7

qualified immunity); *Harsco v. Segui*, 91 F.3d 337, 349 (2d Cir. 1996) (dismissing *respondeat superior* claims where no underlying theory of liability survived); *Edwards by Edwards v. City of New York*, No. 15-CV-3637, 2019 WL 3456840, at *9 (S.D.N.Y. 2019) (dismissing *respondeat superior* claim against the City after granting qualified immunity to employees on underlying assault and battery claims); *Adams v. City of New York*, 226 F. Supp. 3d 261, 268 (S.D.N.Y. 2016) ("[B]ecause the officers are entitled to qualified immunity, Adams' *respondeat theory* of liability as to the City also fails, as it is derivative of the claims against the officers."); *Hargroves v. City of New York*, No. 03-CV-1668, 2014 WL 1271024, at *4 (E.D.N.Y. March 26, 2014) ("There being no underlying offense for which the City could be held vicariously liable, the same claim must be dismissed as against the City.").

### III. Conclusion

For the reasons stated above, the motion is granted. The Court will issue an amended order that (1) amends the caption to reflect the City's status as a defendant in this case and (2) dismisses Plaintiff's *respondeat superior* claim against the City. The Clerk of Court is respectfully requested to send a copy of this order and the amended memorandum and order granting summary judgment in favor of the Defendants to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

                                                      \_\_/s/ Eric Komitee_____
                                                      ERIC KOMITEE
                                                      United States District Judge

Dated:     January 12, 2022
             Brooklyn, New York